THIBODEAUX, Judge.
Defendants, Bobby Bynog and Russell Holt Logging, Inc. (Holt), appeal an adverse judgment on a subrogation claim in favor of Adriatic Insurance Company (Adriatic). The trial judge found Bynog was the sole cause of damages to a truck owned by Adriatic’s insured, Willie Howell. The judgment was for the amount Adriatic paid Howell pursuant to a collision policy on his truck.
Bynog and Holt claim the trial court committed error in finding Bynog at fault by ruling the 1990 amendment to LSA-R.S. 22:1379(3)(b) applies prospectively, and in qualifying two of plaintiffs’ witnesses as experts and awarding them fees. For the following reasons, we reverse in part and affirm in part.

FACTS

On August 24, 1988, Bynog was employed by Holt as a logger. He was attempting to fell a tree adjacent to a logging road, with the intention of having it fall across the road, as he felt that was the safest place. He claims to have checked the road for traffic before he began his final cut on the tree but, after he had cut too far to stop, Howell came down the road in his logging truck. Bynog attempted to *186 warn Howell as he approached, but his warning went unseen and the tree landed across the cab of Howell’s truck.
On January 12, 1989, Howell and his insurer, Adriatic, filed suit for damages. Adriatic asserted a claim for reimbursement, via subrogation, for the amount paid on repairs to Howell’s truck. Holt was insured by New England International Surety of America, Inc. (New England). When it was put into liquidation, Louisiana Insurance Guaranty Association (LIGA) was added by amended petition.
Bynog and Holt sought to defeat the subrogation claim by filing an exception of no right of action. They claimed LSA-R.S. 22:1379(3)(b), as amended by Acts 1990, No. 105, was retroactive and prevented a claim for subrogation from being asserted against an insured of an insolvent insurer. The trial judge denied the exception finding the amendment applied prospectively only.
A bench trial was held on September 25, 1991, and the trial judge found Bynog was the sole cause of the accident. He also found Holt vicariously liable as the employer of Bynog. Judgment was signed January 7, 1992. It held Bynog and Holt liable in solido on the subrogation claim by Adriatic for $5,509.43. It also held Bynog, Holt and LIGA liable in solido to Howell for $5,100.00, but this portion of the judgment has not been appealed. The judgment cast defendants for costs, including expert witness fees in the amount of $250.00 for Aubrey Wiley and $150.00 for Jimbo Jacobs.

ISSUES

The following issues are presented: (1) whether the trial judge committed manifest error in finding Bynog wholly at fault; (2) whether or not the trial judge committed legal error in finding LSA-R.S. 22:1379(3)(b), as amended, applies prospectively only; and, (3) whether or not the trial judge erred in qualifying Wiley and Jacobs as expert witnesses and awarding them fees.

LAW & ANALYSIS

A. Fault
The rule of law is well settled: findings of fact by a trial judge will not be disturbed on appeal unless proven to be clearly wrong or manifestly erroneous. Rosell v. ESCO, 549 So.2d 840 (La.1989); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). In the case before us, the trial judge gave detailed reasons why he found Bynog was the only negligent party. We have examined the evidence in the record and, though Bynog did make an effort to prevent the accident, we agree with the finding that his negligent behavior was the sole cause of the accident.
Howell may have been aware of logging in the area, and perhaps he even knew of the possibility of loggers felling trees across the road. Regardless, he cannot be considered partially at fault where no real effort was made to warn, divert or stop traffic before allowing a tree to fall across the road. We find no merit in this position.
B. LSA-R.S. 22:1379(3)(b)
Appellants argued before, during, and after trial that the 1990 amendment of LSA-R.S. 22:1379(3)(b) applies retroactively and precludes Adriatic’s recovery. Prior to the amendment, the statute listed the following exclusions from covered claims to be paid by LIGA:
[A]ny amount due any reinsurer, insurer, insurance pool, or underwriting association as subrogation recoveries or otherwise.
After the amendment, “the insured of an insolvent insurer” was also not liable to subrogation recovery.
The trial judge ruled the amendment applied prospectively and that the pre-amend-ed version of the statute did not protect Bynog and Holt. Since the appeal was taken, this court and the First Circuit have ruled on this exact issue.
In Henderson v. Pacific Marine Insurance Co., 611 So.2d 822 (La.App. 3d Cir.1992) and Casualty Reciprocal Exchange v. Dukarie, 607 So.2d 834 (La.App. 1st Cir.1992), writ denied, 609 So.2d 258 *187 (La.1992), R.S. 22:1379(3)(b) was determined to apply retroactively because the amendment was found to be interpretive legislation meant to clarify the purpose of the statute. The cases discussed the purpose of legislation involving LIGA and determined it was to prevent instances, such as this one, where a good faith insured who has paid his premiums and relied on his insurer suddenly becomes exposed through no fault of his own. As the court in Duka-rie stated at 836:
To allow recovery ... would create a legal loophole and circumvent the clear intention of the legislature to (1) protect claimants and policyholders of the insolvent companies, and (2) prohibit subro-gated claims against LIGA.
We agree with the holdings of Henderson and Dukarie. Because Bynog and Holt are insureds of an insolvent insurer and LSA-R.S. 22:1379(3)(b) applies retroactively, we must reverse the trial court’s judgment against them.
C. Expert Witnesses
Appellants argue that Aubrey Wiley and Jimbo Jacobs failed to meet the requirements of expert witnesses as contemplated by LSA-C.E. art. 702. Qualification of individuals as experts and assessment of expert witness fees are within the discretionary realm of the trial judge and entitled to much deference. Bateman v. Power Rig Rental Tool Company, 453 So.2d 998 (La.App. 3d Cir.1984); Kalmn, Inc. v. Empiregas Corporation, 406 So.2d 276 (La.App. 3d Cir.1981).
While the testimony offered by the witnesses were not of a lofty technical or scientific nature, we cannot say that the specialized knowledge offered by them did not assist the trial judge in reaching his determination. Both witnesses worked in the field in which they were qualified for a number of years and obviously it was their experience which prompted the trial judge to accept them as experts. We do not find an abuse of discretion.
Finally, we find no error in the amount awarded as expert witness fees. Again, this is within the discretion of the trial judge. He was made aware of the effort the witnesses put into their testimony. We find nothing to indicate he was clearly wrong in making the award.

CONCLUSION

For the foregoing reasons, we reverse that part of the judgment which holds Bobby Bynog and Russell Holt Logging, Inc. liable to Adriatic Insurance Company for $5,509.43. We affirm the finding of fault on the part of Bynog and also the qualification of the experts and the fees assessed for their services. Costs are charged to appellees.
REVERSED IN PART AND AFFIRMED IN PART.